The STATE of Ohio, Appellee,

v.

GEGIA, Appellant.

[Cite as *State v. Gegia,* 157 Ohio App.3d 112, 2004-Ohio-2124.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21819.

Decided April 28, 2004.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Bakur Gegia, appellant pro se.

WHITMORE, Presiding Judge.

{¶ 1} Appellant Bakur Gegia has appealed from a judgment of the Summit County Court of Common Pleas that denied his motion to withdraw his guilty pleas. This court affirms.

I

{¶ 2} On December 2, 1999, appellant, a Russian citizen, was indicted by the Summit County Grand Jury on four counts: aggravated burglary, in violation of R.C. 2911.01(A)(1), with a firearm specification attached; kidnapping, in violation of R.C. 2905.01(A)(2), with a firearm specification attached; grand theft, in violation of R.C. 2913.02(A)(3); and possessing criminal tools, in violation of R.C. 2923.24. Appellant, accompanied by an interpreter, initially entered a plea of not guilty, and the case was set for trial. Pursuant to a plea agreement, on February 15, 2000, appellant withdrew his not guilty plea and pleaded guilty to the charges of aggravated robbery, kidnapping, and the firearm specifications attached to each charge; the other charges were dismissed. The trial court sentenced appellant accordingly.

{¶ 3} On October 9, 2002, and October 22, 2002, appellant filed untimely petitions for post-conviction relief; the petitions were both captioned to include "ALTERNATIVE POSTSENTENCE MOTION TO WITHDRAW A GUILTY

PLEA PURSUANT TO [CRIM.R. 32.1]." [1] The state filed a motion to dismiss the petitions. The trial court construed the October 22, 2002 petition as only a petition for post-conviction relief and denied the petition. Appellant filed an appeal, and in a decision dated June 25, 2003, this court held that the trial court erred in reviewing appellant's motion as only a petition for post-conviction relief. "The trial court should have separately entertained those arguments contained in the dual post-sentence motion that pertained to Appellant's motion to withdraw his guilty plea." *State v. Gegia,* 9th Dist. No. 21438, 2003-Ohio-3313, 2003 WL 21459006, at ¶ 8. We reversed and remanded the matter to the trial court.

{¶ 4} On remand, the trial court reviewed the following arguments that were contained in appellant's October 22, 2002 dual post-sentence motion and which related to appellant's motion to withdraw his guilty plea: (1) appellant's guilty plea violated his Fifth and Fourth Amendment rights because he pleaded guilty without having effective assistance of trial counsel; (2) appellant pleaded guilty without adequate inquiry on the record by the trial court to ensure that the plea was knowingly, voluntarily, and intelligently made; (3) trial counsel failed to advise appellant of possible deportation upon entering a guilty plea; and (4) trial counsel failed to assert appellant's rights pursuant to the Vienna Convention. The trial court denied appellant's motion to withdraw his guilty pleas on November 4, 2003.

{¶ 5} Appellant has timely appealed, asserting four assignments of error. We have consolidated some of appellant's assignments of error to facilitate review:

## II

### Assignment of Error Number One

"The trial court erred when it failed to appoint an interpreter pursuant to R.C. 2311.14 when it became apparent that the defendant could not readily understand or communicate and thereby failing to insure the guilty plea was valid under [Crim.R. 11]."

---

1. {¶ a} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

    {¶ b} Appellant did not file a direct appeal. Thus, appellant should have filed his petition for post-conviction relief no later than October 4, 2000, which is 180 days after the time for filing a direct appeal expired. However, appellant did not file his petition for post-conviction relief until October 22, 2002. Therefore, appellant's petition was untimely filed.

### Assignment of Error Number Two

"[Appellant's] guilty plea violated his Fifth and Fourteenth Amendment rights because he [pleaded] guilty without having the effective assistance of counsel and the trial court violated Article [VI], Clause 2, of the United States Constitution when it failed to protect defendant's rights under the Vienna Convention."

### Assignment of Error Number Three

"The trial court erred when it failed to give all three required immigration consequences listed in R.C. 2943.031(A), and also erred when it failed to explain to [appellant] the term 'to be deported' does not mean that [appellant] would serve his prison time in his own country."

{¶ 6} In appellant's first, second, and third assignments of error, he has essentially argued that the trial court abused its discretion when it denied his motion to withdraw his guilty pleas. This court disagrees.

{¶ 7} Crim.R. 32.1 governs motions to withdraw guilty pleas. That rule provides:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 8} Pursuant to Crim.R.32.1, a motion to withdraw a plea of guilty that is made after sentencing must demonstrate a manifest injustice. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. The term "manifest injustice" has "been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." Id. at 264, 3 O.O.3d 402, 361 N.E.2d 1324. The burden of establishing manifest injustice is on the movant. Id. at paragraph one of the syllabus. The movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion. *State v. Ellis* (Aug. 3, 1999), 4th Dist. No. 98CA13, 1999 WL 624541, at * 1, citing *Smith*, 49 Ohio St.2d at 264, 3 O.O.3d 402, 361 N.E.2d 1324. The Ohio Supreme Court has further stated that "[a]lthough [Crim.R. 32.1] itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d at 264, 3 O.O.3d 402, 361 N.E.2d 1324.

{¶ 9} The decision to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court. *Smith,* 49 Ohio St.2d at 264, 3 O.O.3d 402, 361 N.E.2d 1324. ("The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."); see, also, *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 10} In the instant matter, appellant has argued that his motion to withdraw his guilty plea should have been granted because (1) the trial court failed to appoint an interpreter when appellant entered his guilty plea; (2) his guilty plea violated his Fifth and Fourth Amendment rights because he was not afforded the effective assistance of counsel; and (3) the trial court failed to explain the phrase "to be deported" when appellant pleaded guilty to the crimes as charged. We will separately address each argument.

## Failure to Appoint an Interpreter

{¶ 11} Appellant has argued that his plea should be vacated because he was not provided an interpreter pursuant to R.C. 2311.14(A), which provides:
"(A)(1) Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person. Before appointing any interpreter under this division for a party or witness who is a mentally retarded person or developmentally disabled person, the court shall evaluate the qualifications of the interpreter and shall make a determination as to the ability of the interpreter to effectively interpret on behalf of the party or witness that the interpreter will assist, and the court may appoint the interpreter only if the court is satisfied that the interpreter is able to effectively interpret on behalf of that party or witness."

{¶ 12} Appellant has further argued that because an interpreter was not present at the plea hearing he could not have knowingly and intelligently waived his right to a jury trial. This court finds this argument without merit.

{¶ 13} The record reveals that appellant did not want an interpreter present at the hearing. The following discussion took place during the hearing:
"[Defense Counsel]: May it please the Court. At this time [Appellant] is ready to enter a plea, as the prosecutor stated. [Appellant] understands his rights as

I explained them to him. He understands the best he could hope for from this Court is a six-year sentence, based on the minimum possible. Knowing all that, he wishes to enter a plea of guilty.

"[The Court]: All right. I believe there's an issue raised in regard to [Appellant's] ability to speak English.

"[Defense Counsel]: Well, we've had an interpreter before. I have talked to him. He understands what's going on today.

"[Appellant]: Yes, ma'am

"[The Court]: All right. Sir, you don't need an interpreter?

"[Appellant]: Well, I can't understand everything. No big deal, Your Honor. I'm sorry. I can understand.

"[The Court]: You can understand English?

"[Appellant]: Yeah, enough, at least.

"[The Court]: All right, sir. Do you want to raise your right hand."

{¶ 14} Because appellant was given an opportunity to have an interpreter present and he refused, he cannot now argue on appeal that the absence of an interpreter somehow caused him prejudice.

{¶ 15} This court also finds that despite the fact that appellant did not have an interpreter during the plea proceedings, appellant clearly understood what was occurring when he pleaded guilty. The trial court had an open discussion with appellant and fully complied with Crim.R. 11. Crim.R. 11 requires a trial court to personally inform the defendant of his rights and the consequences of his plea and to determine whether the plea is understandably and voluntarily made. *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 448 N.E.2d 823, certiorari denied (1983), 464 U.S. 856, 104 S.Ct. 174, 78 L.Ed.2d 157. Thus, in order to ensure that each plea received by a trial court is knowingly and intelligently made, a trial court must engage in an oral dialogue with the defendant pursuant to Crim.R. 11(C)(2). *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450, citing *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. During the colloquy, the trial court must inform the defendant that he is waiving the rights enumerated in Crim.R. 11(C)(2), which provides:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 16} Pursuant to Crim.R. 11, the trial court asked appellant, among other things, whether he understood the charges against him, that a plea of guilty would foreclose a trial and the rights lost when a trial does not occur, and that appellant had a right to testify and cross-examine witnesses. At no point did it appear as if appellant did not fully understand the purpose and result of the proceedings. Therefore, we find that appellant's guilty plea should not have been vacated on the ground that an interpreter was not present during the plea hearing.

## Ineffective Assistance of Counsel

{¶ 17} Appellant has further argued that his plea should be vacated because he was not afforded the effective assistance of trial counsel. To prevail on this claim, appellant must meet the test for ineffective assistance of counsel established in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; see, also, *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715. When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715; *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715, quoting *Hill v. Lockhart* (1985), 474 U.S. 52, 59 106 S.Ct. 366, 88 L.Ed.2d 203. " '[T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.' " *State v. Doak*, 7th Dist. Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, 2004 WL 614851, at ¶ 55, quoting *State v. Whiteman*, 11th Dist. No. 2001–P–0096, 2003-Ohio-2229, 2003 WL 21000988, at ¶ 24.

{¶ 18} The *Doak* court further explained that " 'a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a

defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea.'" *Doak,* 2004-Ohio-1548, 2004 WL 614851, at ¶ 55, quoting *State v. Madeline* (Mar. 22, 2002), 11th Dist. No.2000–T–0156, 2002-Ohio-1332, 2002 WL 445036; see, also, *State v. Wotring,* 11th Dist. No. L–99–114, 2003-Ohio-326, 2003 WL 168225, at ¶ 22, appeal denied (2003), 99 Ohio St.3d 1452, 790 N.E.2d 1217 (holding that "[a] claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary"). This court has also previously held that "[a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel." *State v. Banks,* 9th Dist. No. 01CA007958, 2002-Ohio-4858, 2002 WL 31059911, at ¶ 16, appeal denied (2003), 98 Ohio St.3d 1413, 781 N.E.2d 1020.

{¶ 19} In the present case, appellant has contended that his trial counsel was ineffective when trial counsel failed to (1) interview appellant and investigate an insanity defense; (2) obtain an interpreter; (3) protect appellant's rights under the Vienna Convention on Consular Relations ("Vienna Convention"); (4) explain the nature of the charges and the elements of each charge; and (5) advise appellant that he would serve his entire, or part of, his prison sentence in an Ohio prison before being deported. This court rejects all of appellant's arguments with respect to his claim of ineffective assistance of counsel for the following reasons.

{¶ 20} First, appellant has failed to show that trial counsel did not attempt to ascertain whether a guilty plea by reason of insanity was a viable option for him. The only item attached to appellant's motion to withdraw a guilty plea in support of his claim that trial counsel failed to investigate appellant's mental state is a letter appellant wrote to the Russian Embassy requesting medical records from Tbilisi Psychiatric Hospital, dated September 27, 2002, and an uncertified psychiatric record obtained from appellant's home country, the Republic of Georgia, which is undated. The presence of this evidentiary material does not demonstrate that trial counsel failed to investigate an insanity defense. Moreover, appellant has failed to show that he informed trial counsel of his past mental history in Russia prior to entering into a plea agreement and that trial counsel chose to ignore this information. This court is therefore unable to determine whether trial counsel was ineffective on such grounds or that appellant was prejudiced by counsel's alleged ineffectiveness.

{¶ 21} Second, this court finds that appellant's arguments that trial counsel was ineffective for failing to obtain an interpreter are also without merit. As previously discussed, when the trial court asked appellant whether he required an interpreter during the plea hearing, appellant replied in the negative.

Moreover, the transcript of the plea hearing shows that appellant understood the content of the proceedings. Because appellant refused to have an interpreter present at the plea hearing, he cannot now argue that his trial counsel was ineffective for failing to procure an interpreter. Therefore, we find that trial counsel was not ineffective on such grounds.

{¶ 22} Third, this court finds that trial counsel was also not ineffective for failing to protect appellant's rights under the Vienna Convention. Appellant argued in his motion to withdraw his guilty pleas, that "[c]ounsel never explained to [appellant] that, as a foreign national, he had the right under Article 36 of the Vienna Convention to have his Republic of Georgia Consul present at the time of his interrogation and throughout the ensuing criminal procedures."

{¶ 23} The Vienna Convention is a 79–article treaty and Article 36(1), which is titled "Communication and contact with nationals of the sending State[,]" provides:

"1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:

"(a) consular officers shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State;

"(b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph;

"(c) consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. They shall also have the right to visit any national of the sending State who is in prison, custody or detention in their district in pursuance of a judgment. Nevertheless, consular officers shall refrain from taking action on behalf of a national who is in prison, custody or detention if he expressly opposes such action." The Vienna Convention on Consular Relations, April 24, 1963, TIAS 6820, 21 U.S.T. 77, 596 U.N.T.S. 261.

{¶ 24} Pursuant to Article 36, a government that arrests, imprisons, or detains a foreign national must inform him of his right to contact his consulate. See *State v. Loza* (Oct. 13, 1997), 12th Dist. No. CA96–10–214, 1997 WL 634348,

at * 1, appeal not allowed (1998), 81 Ohio St.3d 1429, 689 N.E.2d 49. Relying on *Loza,* the Second Appellate District has held that "rights under an international treaty, like rights under a federal statute, are not the equivalent of constitutional rights." *State v. Lopez,* 2d Dist. No. 99–CA–120, 2003-Ohio-3974, 2003 WL 21716009, at ¶ 8, appeal not allowed, 100 Ohio St.3d 1472, 2003-Ohio-5772, 798 N.E.2d 407. " '[T]he only remedies for failure of consular notification under the Vienna Convention are diplomatic, political, or exist between states under international law.' " *Lopez,* 2003-Ohio-3974, 2003 WL 21716009, at ¶ 9, quoting *State v. Rivera–Carrillo* (Mar. 11, 2002), 12th Dist. No. CA2001–03–054, 2002-Ohio-1013, 2002 WL 371950, certiorari denied (2002), 537 U.S. 1074, 123 S.Ct. 664, 154 L.Ed.2d 570.

{¶ 25} Assuming, arguendo, that the Vienna Convention applies to appellant[2] and that trial counsel failed to protect appellant's rights under the treaty, appellant has failed to demonstrate that, but for trial counsel's errors, he would not have pleaded guilty. In his motion, appellant contended only that "[h]ad counsel protected [appellant's] rights in this regard this post-conviction would have not been necessary." Because appellant has failed to show that he was prejudiced by trial counsel's alleged inaction, we cannot conclude that trial counsel was ineffective for failing to protect appellant's rights under the Vienna Convention. See *United States v. Minjares–Alvarez* (C.A.10, 2001), 264 F.3d 980, 986–987 (holding that even if the defendant's rights under the Vienna Convention were violated when the defendant was not informed of his right to access and consult his national consulate, he failed to show that the violation caused him prejudice).

{¶ 26} Finally, this court finds appellant's argument that trial counsel was ineffective for failing to explain the nature of the charges filed against him and for failing to advise appellant that he could possibly serve his entire prison term in a United States prison also groundless. Appellant never argued in his motion to withdraw his guilty pleas that trial counsel was ineffective for failing to explain the charges to him. Because appellant did not argue this point in his motion, he is precluded from asserting the argument for the first time on appeal. *Holman v. Grandview Hosp. & Med. Ctr.* (1987), 37 Ohio App.3d 151, 157, 524 N.E.2d 903, citing *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47 ("Issues not raised and tried in the trial court cannot be raised for the first time on appeal.").

{¶ 27} Furthermore, it appears that appellant has attempted to restyle his argument with regard to his claim that trial counsel should have explained to him

---

**2.** This court notes that both the United States and the Republic of Georgia are signatories to the treaty. Thus, the treaty appears to apply to citizens of the Republic of Georgia.

that he could spend his entire prison term in the United States. In his appellate brief, appellant argued that "[i]t was counsel's duty to explain to [appellant] that *after* serving all or part of his prison sentence, then he could or would be deported back to the Republic of Georgia. * * * [Appellant] thought that he would be able to do his prison time in the Republic of Georgia if he waived his trial rights." Appellant did not present this argument in his motion to withdraw his guilty pleas. That is, appellant never argued that trial counsel should have explained that there was a possibility that appellant would not be returned to the Republic of Georgia to serve his time. In his post-sentence motion he simply argued "that he was never advised on the possibility of deportation at any time" and that "[a]ccording to R.C. 2943.031(A), [appellant] had a right to be advised that he could face deportation upon pleading guilty."

{¶ 28} The record clearly indicates that even assuming that trial counsel failed to personally advise appellant of possible deportation or inform appellant that he may spend his entire prison term in the United States, the trial court thoroughly explained the consequences of pleading guilty. At the plea hearing, the following colloquy took place between appellant and the trial court:

"THE COURT: Do you understand what your rights are and what would happen at a trial?

"[APPELLANT]: Well, I hope that I would move to the prison at Republic of Georgia.

"THE COURT: That's after sentencing. That's not a decision I make. That's based upon the decision of the government, the immigration service and the department of corrections, the state prison people, not me. But I would not oppose that. Do you understand that?

"[APPELLANT]: You would not mind it?

"THE COURT: I would not mind it.

"[APPELLANT]: Okay.

"THE COURT: All right, sir.

"[APPELLANT]: But it depends on you.

"THE COURT: It is not my decision.

"[APPELLANT]: Okay.

"THE COURT: That is somebody else, not me.

"[APPELLANT]: Okay."

{¶ 29} Because appellant was properly advised by the trial court that he could *possibly* be deported to the Republic of Georgia if he pleaded guilty, we find that appellant was not prejudiced by trial counsel's alleged failure to inform him that he might not be returned to the Republic of Georgia to complete his sentence, and therefore trial counsel was not ineffective on this ground.

Failure to Comply with R.C. 2943.031(A)

{¶ 30} This court now turns to appellant's claim that the trial court erred in denying his motion on the ground that the trial court failed to give the required advisements pursuant to R.C. 2943.031(A). That statute provides:

"(A) * * * [P]rior to accepting a plea of guilty * * * to an indictment * * *, charging a felony or a misdemeanor other than a minor misdemeanor * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

" 'If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' "

{¶ 31} R.C. 2943.031(D) further provides:

"Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty * * * may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 32} Pursuant to R.C. 2943.031(D), a trial court is required set aside a conviction and allow the defendant to withdraw a guilty plea if four requirements are established: (1) the court failed to provide the advisement described in the statute; (2) the advisement was required to be given; (3) the defendant is not a citizen of the United States; and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws. See *State v. Weber* (1997), 125 Ohio App.3d 120, 126, 707 N.E.2d 1178, appeal not allowed (1998), 81 Ohio St.3d 1521, 692 N.E.2d 1023.

{¶ 33} In the instant case, as pointed out by the state, appellant never argued in his motion to withdraw his guilty pleas that the trial court failed to substantially comply with R.C. 2943.031(A). Rather, appellant argued only that the trial court failed to advise him that he would be deported. Because appellant failed to present the current argument in his post-sentence motion to withdraw his guilty pleas, this court declines to address the merits of this argument. See *Holman*, 37 Ohio App.3d at 157, 524 N.E.2d 903.

{¶ 34} In sum, this court finds that this case is not one in which there was such a manifest injustice that requires this court to allow appellant to withdraw his guilty pleas. The trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty pleas because the trial court did not err when it failed to appoint an interpreter during the plea hearing; appellant did not receive ineffective assistance of counsel; and the trial court properly advised appellant that he could be deported if he pleaded guilty. Therefore, appellant's first, second, and third assignments of error are not well taken.

### Assignment of Error Number Four

■ "[Appellant] was denied his rights under Article VI, Clause 2, of the United States Constitution when the provisions of the Vienna Convention on Consular Relations were not followed: (1) to have the assistance of the Republic of Georgia consul at the time of his interrogation and throughout the ensuing criminal proceedings and (2) to be informed of these rights by the arresting authorities 'without delay' when he was detained and taken into custody."

{¶ 35} In appellant's fourth assignment of error, he has argued that the trial court erred when it did not comply with the Vienna Convention. This court disagrees.

■ {¶ 36} Relying on *Loza*, supra, the Second District Appellate Court has previously explained: " '[T]he only remedies for failure of consular notification under the Vienna Convention are diplomatic, political, or exist between states under international law.' " *Lopez*, 2003-Ohio-3974, 2003 WL 21716009, at ¶ 9. Further, " '[t]he rights contained in Article 36 [of the Vienna Convention] belong to the party states, not individuals.' " *State v. Gegia*, 11th Dist. No.2003–P–0026, 2004-Ohio-1441, 2004 WL 574623, at ¶ 26, quoting *United States v. Emuegbunam* (C.A.6, 2001), 268 F.3d 377, 392, certiorari denied (2002), 535 U.S. 977, 122 S.Ct. 1450, 152 L.Ed.2d 392. Therefore, assuming that the trial court failed to comply with the Vienna Convention when it accepted appellant's pleas of guilty and sentenced him accordingly, this court finds that vacation of appellant's guilty pleas is not the proper remedy for such a violation. See *Gegia*, 2004-Ohio-1441, 2004 WL 574623, at ¶ 26. Appellant's fourth assignment of error is overruled.

### III

{¶ 37} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BAIRD and BATCHELDER, JJ., concur.