OPINION
{¶ 1} Appellant, Harold Brooks, Jr., appeals from his September 29, 2004, sentencing entry issued by the Mahoning County Court of Common Pleas.
 {¶ 2} Appellant was sentenced to three years in prison following his guilty plea to charges of possession of cocaine in violation of R.C. §2925.11(A)(C)(4)(c), a third degree felony. Appellant's plea agreement involved this possession charge and a violation of R.C. § 2923.13(A)(3), having a weapon while under a disability, which was pending under another case number in Mahoning County. The trial court sentenced Appellant to ten months in prison on his weapons charge, and it ordered that the two sentences be served concurrently.
 {¶ 3} Appellant timely appealed from the trial court's sentencing entry, and he asserts two assignments of error on appeal. In his first assignment of error, he claims:
 {¶ 4} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE HIS GUILTY PLEA PURSUANT TO CRIMINAL RULE 32.1."
 {¶ 5} An appellate court reviews a trial court's decision on a motion to withdraw a plea under the abuse of discretion standard since a motion seeking to withdraw a guilty plea after sentencing under Crim.R. 32.1 is within the sound discretion of the trial court. State v. Smith (1977),49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph two of the syllabus; State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894,820 N.E.2d 355, ¶ 32. An abuse of discretion connotes more than a mere error in judgment; it means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for the trial court's. Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 6} Crim.R. 32.1 provides:
 {¶ 7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice thecourt after sentence may set aside the judgment of conviction and permitthe defendant to withdraw his or her plea." (Emphasis added.)
 {¶ 8} "Manifest injustice" has not been conclusively defined. Statev. Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, 809 N.E.2d 673, ¶ 8. However, it is clear that a postsentence motion to withdraw a plea is permissible only in extraordinary cases. Id. citing Smith, supra, at 264, 3 O.O.3d 402, 361 N.E.2d 1324. The defendant has the burden of establishing a manifest injustice. Id. at paragraph one of the syllabus.
 {¶ 9} Further, it has been held that, "[t]he movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion." Gegia, supra, at ¶ 8, citing State v. Ellis (Aug. 3, 1999), 4th Dist. No. 98CA13, at 1; Smith, supra at 264, 3 O.O.3d 402,361 N.E.2d 1324. However, it has also been held that a hearing on a postsentence motion to withdraw a plea, "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Hamed (1989), 63 Ohio App.3d 5, 7,577 N.E.2d 1111; State v. Blatnik (1984), 17 Ohio App.3d 201, 204, 17 OBR 391, 478 N.E.2d 1016.
 {¶ 10} Appellant's first assignment of error lacks merit for several reasons. The most obvious reason his argument fails is that Appellant never asked the trial court to vacate his guilty plea. Instead, on October 18, 2004, Appellant filed a motion to vacate his sentence. This motion dealt entirely with Appellant's desire to vacate only his sentence, and it is abundantly apparent that Appellant sought to receive the sentence he expected, which was one year of imprisonment. Only in one part of one sentence of Appellant's motion does he discuss vacating his plea, and then this is raised in the context of Appellant's request for a hearing on his motion and raises the possibility that he would request to vacate his plea at that time. The entire thrust of his motion is his claim that his sentence was contrary to the plea agreement because it was longer than expected. The trial court overruled his motion without a hearing. Because Appellant never asked the trial court to vacate his guilty plea, there essentially is no trial court ruling to review as to this specific assignment of error.
 {¶ 11} In Appellant's motion to vacate his sentence, he claimed that his trial counsel, the prosecutor, and the prior presiding judge were present when his Crim.R. 11 agreement was negotiated. Appellant claims that the state agreed to reduce his possession offense from a second degree felony to a third degree felony if he withdrew his motion to suppress. Appellant also claims that the presiding judge at the time agreed to sentence Appellant to a one year aggregate term for both of his offenses after he withdrew his motion. According to Appellant's brief on appeal, this agreement was subsequently conveyed to Appellant by his trial attorney, who is also his appellate counsel. (Motion to Vacate Sentence, p. 2.)
 {¶ 12} Thus, Appellant claims he withdrew his suppression motion and entered his plea of guilty to the possession offense based on this agreement. Thereafter, however, the initial trial court judge was replaced with another judge. According to Appellant, the new judge did not adhere to the "agreement" as regards sentencing. Appellant was sentenced to three years on the possession offense instead of the allegedly promised one year.
 {¶ 13} Regardless of Appellant's claims in his motion and on appeal, however, he failed to provide any evidence via affidavit or otherwise in support of his motion to vacate. Needless to say, there is no transcript which substantiates Appellant's alleged agreement. Thus, no evidence exists either before the sentencing court or this Court in regards to Appellant's allegations.
 {¶ 14} Appellant did place into the record his sentencing transcript. This transcript reflects that Appellant's counsel raised his allegations to the sentencing court judge as to his claimed agreement. Counsel for Appellant on his possession offense stated:
 {¶ 15} "* * * [Appellant] agreed to withdraw his former plea of not guilty and enter a plea of guilty to the charge as amended with the recommendation that he be sentenced to a mandatory year minimum according to statute and the sentence on [Appellant's weapon offense] would run concurrent with that. * * *
 {¶ 16} "* * * So I would only request that we have the Court impose the minimum sentence on [Appellant] as we believe was agreed upon as one of the essential basis of his plea of guilty to the amended charge." (Sentencing Tr., pp. 3-4.)
 {¶ 17} The state then indicated, "the State did not agree to a minimum sentence. The State agreed to stand silent, but that [Appellant's possession sentence] would run concurrent with the gun case." (Sentencing Tr., p. 4.) The agreement as set forth by the state is likewise reflected in Appellant's motion to vacate.
 {¶ 18} Thereafter, separate counsel for Appellant, representing him on his weapons charge, stated that he was not present during the plea negotiations, but that it was his understanding that the agreement involved a one year sentence on each count with the sentences running concurrently. (Sentencing Tr., p. 5.)
 {¶ 19} Appellant's wife was also permitted to speak at the sentencing hearing since she was evidently the victim of Appellant's weapons offense. She said that it was her, "understanding that he would do one year for both charges[.]" (Sentencing Tr., p. 6.)
 {¶ 20} Notwithstanding the foregoing, we also have the transcript of Appellant's plea hearing. This transcript contains absolutely no reference to any agreed-upon one year concurrent term for both offenses. Instead, the transcript reveals that Appellant pleaded guilty to the possession offense and the weapon under a disability offense. In exchange, the state was to recommend that the sentences run concurrently to reduce his possession offense to a third degree felony. (July 28, 2004, Plea Agreement Tr.)
 {¶ 21} Further, the initial trial court judge, presiding at the time of his guilty plea, inquired as to whether Appellant understood the ramifications of his plea:
 {¶ 22} "THE COURT: Know, however, that if I accept your plea of guilty, that upon sentencing here it's mandatory, that the law provides for a mandatory imprisonment from one year to five years, one year, two years, three years, four years or five years. Do you understand that?
 {¶ 23} "* * *
 {¶ 24} "THE DEFENDANT: I understand, Your Honor." (July 28, 2004, Plea Agreement Tr., pp. 7-8.)
 {¶ 25} The initial trial court judge then asked Appellant:
 {¶ 26} "THE COURT: Now, recognizing these conditions and recognizing the rights that you're giving up to a trial and the other rights that I just explained, do you still wish to enter your plea of guilty?
 {¶ 27} "THE DEFENDANT: Yes, I do.
 {¶ 28} "THE COURT: All right. Has anybody promised you anything to get you to enter this plea of guilty?
 {¶ 29} "THE DEFENDANT: No.
 {¶ 30} "THE COURT: How about anybody twisted your arm?
 {¶ 31} "THE DEFENDANT: No.
 {¶ 32} "THE COURT: Coerced you?
 {¶ 33} "THE DEFENDANT: No.
 {¶ 34} "THE COURT: Is there any promises made to you other than what we discussed here in open court?
 {¶ 35} "THE DEFENDANT: No more than what you just discussed." (July 28, 2004, Plea Agreement Tr., pp. 14-15.)
 {¶ 36} As earlier noted, Appellant never raised his claimed one year prison term promise during this plea agreement hearing, even though the judge presiding at this hearing was the judge Appellant alleges made this promise. Further, neither Appellant nor his counsel raised this issue even though the judge who allegedly made this promise advised Appellant that he faced up to five years in prison. Further, Appellant was clearly informed as to the scope of his possible sentence and indicated he recognized the fact that it could be for as long as five years.
 {¶ 37} Based on the foregoing, the trial court did not abuse its discretion in overruling Appellant's motion to vacate his sentence. There is nothing in the record, in fact, the record reveals contrary information, that Appellant was promised only a one-year sentence. Appellant specifically acknowledged that he was subject to a sentence of up to five years. Thus, based on the record presented, this assignment of error lacks merit and is overruled.
 {¶ 38} Appellant's second assignment of error asserts:
 {¶ 39} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT WAS EXCESSIVE, NOT SUPPORTED BY THE RECORD, AND CONTRARY TO LAW."
 {¶ 40} Appellant's sentencing hearing held September 28, 2004, encompassed sentencing on his possession offense under one case number and a separately charged offense in which he pleaded guilty to having a weapon under a disability.
 {¶ 41} Following Appellant's guilty pleas, the trial court sentenced him to three years in prison on the possession of cocaine charge in violation of R.C. § 2925.11(A)(C)(4)(c), a third degree felony, along with the mandatory license suspension. (Sentencing Tr., p. 9.)
 {¶ 42} Pursuant to R.C. § 2929.14(A)(3), Appellant's guilty plea necessitated the imposition of a prison term for one, two, three, four, or five years. One year in prison was mandatory. R.C. §2925.11(A)(C)(4)(c).
 {¶ 43} Generally, a sentencing court, "shall impose the shortest prison term authorized for the offense pursuant to," R.C. § 2929.14(A), unless the court renders a finding set forth under R.C. § 2929.14(B):
 {¶ 44} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 45} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 46} The sentencing court in the instant cause concluded:
 {¶ 47} "* * * the shortest prison term possible will demean the seriousness of the offense and not adequately protect the public, and therefore imposes a greater term. The Court finds that the [Appellant] has posed a great likelihood of recidivism, and that he has a substantial criminal record." (Sentencing Tr., pp. 8-9.)
 {¶ 48} On appeal, Appellant claims that the trial court erred in imposing more than the minimum one-year sentence and concluding that Appellant posed a great likelihood of recidivism. Specifically, Appellant claims that the trial court failed to enumerate any factors supporting its recidivism finding pursuant to R.C. § 2929.12(D).
 {¶ 49} However, the Ohio Supreme Court has held:
 {¶ 50} "R.C. 2929.14(B) does not require that the trial court give itsreasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis in original.) State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, syllabus; State v. Kerns,161 Ohio App.3d 76, 2005-Ohio-2578, 829 N.E.2d 700, ¶ 11.
 {¶ 51} Appellant's argument lacks merit since the trial court complied with R.C. § 2929.14(B)(2). Thus, this assignment of error is overruled.
 {¶ 52} Because we must overrule both of Appellant's assignments of error, we hereby affirm the trial court's judgment in full.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.