[Cite as *State v. Draper*, 2011-Ohio-1007.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    10 JE 6 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| THEODIS DRAPER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. 07CR101.


JUDGMENT:                      Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Thomas Strauss
                               Prosecuting Attorney
                               16001 State Route Seven
                               Steubenville, Ohio  43952


For Defendant-Appellant:       Theodis Draper, *Pro se*
                               #534-297
                               Pickaway Correctional Institution
                               P.O. Box 209
                               Orient, Ohio  43146



JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                               Dated:  February 28, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Theodis Draper appeals the decision of the Jefferson County Common Pleas Court which denied his motion for a new trial. He sets forth various arguments as to why he believes the trial court erred. We cannot find any merit with those arguments for the following reasons: some were not raised in the motion filed below; all of his arguments either were or could have been raised in his direct appeal; and, his motion was untimely. Accordingly, the judgment of the trial court is affirmed as more fully discussed below.

STATEMENT OF THE CASE

¶{2} On July 4, 2007 at 3:07 a.m., a police officer was following a vehicle driven by Raymont Nichols down Route 7. The car traveled across marked lanes at seventy miles per hour in a fifty-five mile per hour zone. The officer effected a traffic stop. Appellant, who was the passenger, appeared nervous and kept putting his hands in his pockets. The driver spontaneously stated, "There's no dope in here." (Tr. 205). When the officer sought to confirm this claim, appellant declared, "That's for me to know and you to find out." (Tr. 206).

¶{3} The officer then summoned a canine unit to the scene. A small rock of crack cocaine was found in the cargo hold floor, and a plastic bag containing a baseball-sized, nearly fifty-eight-gram rock of crack cocaine was discovered within a canister filled with a potpourri-like substance. (Tr. 303, 307). Nichols told the officer that the drugs belonged to appellant. At the police station, Nichols explained that appellant asked him for a ride to Steubenville to deliver drugs. He said that he witnessed appellant cut the top of the canister in order to fit the crack inside. (Tr. 233).

¶{4} A week later, Nichols gave a signed statement, which was written out by a dispatcher because Nichols stated that he could not write. (Tr. 227-228). In this statement, Nichols claimed that he did not know about the drugs until he asked appellant at a gas station and appellant told him the drugs were in the back cargo area in a canister. (Tr. 231).

¶{5} Both appellant and Nichols were charged with drug possession. The cases were severed, and Nichols was convicted of drug possession first. Then, a jury found appellant guilty of drug possession in violation of R.C. 2925.11(A), a first degree felony, which involves an amount more than or equal to twenty-five grams but less

than 100 grams.  On October 4, 2007, appellant was sentenced to eight years in prison.

¶{6}   Appellant filed a timely appeal.  He raised sufficiency and weight of the evidence.  He argued that he did not possess the drugs and did not have knowledge drugs were present in the vehicle.  He characterized the testimony of Nichols as a recantation of much of the statements attributed to him by the police because Nichols would only admit at trial that he found out about the drugs at the gas station; he then invoked the Fifth Amendment when asked how he learned about the drugs.  On March 6, 2009, this court overruled appellant's arguments and affirmed his conviction.  *State v. Draper*, 7th Dist. No. 07JE45, 2009-Ohio-1023.

¶{7}   On February 5, 2010, appellant filed a motion for a new trial under Crim.R. 33 and asked that his indictment be vacated.  He argued that he did not have control over the vehicle and thus the element of possession did not exist.  He noted that Nichols made three different statements and claimed that the arresting officer gave false testimony.   He also claimed that his attorney rendered ineffective assistance of counsel.  On February 9, 2010, the trial court overruled appellant's motion.  Appellant filed the within timely appeal.

<u>CRIM.R. 33:  MOTION FOR NEW TRIAL</u>

¶{8}   "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

¶{9}   "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

¶{10}  "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

¶{11}  "(3) Accident or surprise which ordinary prudence could not have guarded against;

¶{12}  "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. * * *

¶{13}  "(5) Error of law occurring at the trial;

¶{14}  "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *."  Crim.R. 33(A).

¶{15} A motion for a new trial, except one based upon newly discovered evidence, must be filed within fourteen days after the verdict was rendered unless clear and convincing proof shows that the defendant was unavoidably prevented from filing his motion. Crim.R. 33(B). A motion for a new trial based upon newly discovered evidence must be filed within one hundred twenty days of the rendering of the verdict unless clear and convincing proof shows that the defendant was unavoidably prevented from discovery of the evidence.

### ASSIGNMENT OF ERROR

¶{16} Appellant's sole assignment of error provides:

¶{17} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN VIOLATION OF THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, RESULTING FROM THE TRIAL COURT'S ORDER THAT DENIED APPELLANT'S MOTION FOR A NEW TRIAL, BASED ON CLAIMS OF 'ACTUAL INNOCENCE,' COUPLED WITH OTHER CONSTITUTIONAL ERRORS."

¶{18} On appeal, appellant iterates that he did not have custody, control, or knowledge of the crack cocaine and that he thus did not possess drugs. He claims that the police lied about what Nichols stated. He then claims that there was no corroborating evidence for the testimony of his co-defendant. He raises ineffective assistance of counsel, only generally stating that counsel should have presented evidence. He also vaguely refers to inflammatory remarks by the prosecutor.

¶{19} The latter two arguments present no specific allegations. They are too general and vague to actually address.

¶{20} Appellant's argument about police perjury deals with misconduct of a witness for the state under Crim.R. 33(A)(2). However, that allegation must be sustained by affidavit pursuant to Crim.R. 33(C). Appellant did not do so in his new trial motion, and thus, the trial court could properly overrule such a claim on this basis.

¶{21} Moreover, the only specific arguments he even touched upon in his motion for a new trial involved whether he actually possessed the drugs and the fact that Nichols changed his statement. Arguments raised for the first time on appeal cannot be addressed. See *State v. Anderson*, 6th Dist. No. L-07-1351, 2007-Ohio-5791, ¶27, citing *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶26. Thus, the arguments raised here that were not raised below are not properly before this court.

¶{22} (We also note that appellant raised some arguments below that he does not now raise on appeal. The state addresses some of these arguments on appeal; however, this is unnecessary.)

¶{23} As for the main possession argument he raised below and on appeal, this argument regarding possession is a legal argument that has been addressed in our prior opinion where we found sufficient evidence that he possessed the drugs. *Draper*, 7th Dist. No. 07JE45 at ¶13-23. We also held that finding appellant possessed the drugs was not contrary to the manifest weight of the evidence. Id. at ¶24-33. This is the law of the case. See, generally, *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3. The other arguments were not presented in the direct appeal, but could and should have been.

¶{24} Finally, appellant's new trial motion was filed on February 5, 2010, more than two years after the verdict was rendered against him. All of the arguments were available to him at the time of the verdict. Plus, appellant makes no allegations as to why he could not file a timely motion. Thus, there did not exist clear and convincing evidence that appellant was unavoidably prevented from filing a motion or from discovering evidence at an earlier date. Appellant's motion is therefore untimely. See Crim.R. 33(B).

¶{25} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.