[Cite as *State v. Watson*, 2011-Ohio-4227.]

STATE OF OHIO    )     IN THE COURT OF APPEALS
          )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT  )

STATE OF OHIO         C.A. No.  25401

   Appellee

   v.             APPEAL FROM JUDGMENT
                   ENTERED IN THE
KIMBERLY WATSON       COURT OF COMMON PLEAS
                   COUNTY OF SUMMIT, OHIO
   Appellant        CASE No.  CR 08 05 1731(A)

DECISION AND JOURNAL ENTRY

Dated: August 24, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant, Kimberly Watson, appeals from the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms in part and vacates in part.

I.

{¶2} In August 2008, Ms. Watson pleaded guilty to one count of felonious assault, a second-degree felony, and one count of violating a protective order, a third-degree felony. She was subsequently sentenced to a total prison term of six years. The sentencing entry contained an error in the imposition of post-release control.

{¶3} In its December 2, 2009 journal entry, the trial court scheduled a resentencing hearing, apparently to address the post-release control error in Ms. Watson's sentence. Ms. Watson then filed a motion to withdraw her plea, which the court denied after a hearing. In the

journal entry of the resentencing hearing, the trial court vacated the prior sentence, re-imposed the same six-year prison term, and properly imposed post-release control.

{¶4} Ms. Watson appeals from her resentencing and the denial of the motion to withdraw her plea. To facilitate our analysis, we have rearranged the two assignments of error that Ms. Watson presents for our review.

II.

ASSIGNMENT OF ERROR II

"THE SENTENCE IMPOSED BY THE TRIAL COURT WAS CONTRARY TO LAW AND/OR THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING MS. WATSON TO A TERM OF FIVE YEARS FOR THE CRIME OF FELONIOUS ASSAULT; A TERM OF ONE YEAR FOR THE CRIME OF VIOLATING A PROTECTION ORDER; AND RUNNING SAID SENTENCES CONSECUTIVE (sic)."

{¶5} In her second assignment of error, Ms. Watson argues that the trial court abused its discretion when it re-imposed her original six-year prison term because it did not properly consider the factors relevant to sentencing. Because the trial court lacked jurisdiction to alter Ms. Watson's sentence, except to properly impose post-release control, this argument is without merit.

{¶6} This case is controlled by the Ohio Supreme Court's opinion in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that when a trial court resentences a defendant to correct an error in the imposition of post-release control, the trial court's jurisdiction at resentencing is limited to the proper imposition of post-release control. *Fischer* at paragraph two of the syllabus. The trial court may not revisit any other aspects of the offender's sentence. Id. at ¶29. As the trial court was not permitted to impose a new sentence upon Ms. Watson, her argument that the trial court failed to properly consider relevant sentencing factors or that it committed an error of law is without merit. In addition, we note that

Ms. Watson did not appeal the trial court's original sentencing entry, and her arguments are barred by res judicata. *Fischer* at ¶40.

{¶7} In the case at bar, the trial court vacated Ms. Watson's original sentence and apparently conducted a de novo sentencing hearing when it corrected the post-release control error. Because the trial court lacked the jurisdiction to address anything other than post-release control, we must vacate the portions of the trial court's April 19, 2010 journal entry that do not relate to the proper imposition of post-release control. See *State v. Gibson*, 9th Dist. No. 25085, 2011-Ohio-566, at ¶9. Except for the improper imposition of post-release control, Ms. Watson's original sentence, imposed in September 2008, remains effective.

{¶8} Accordingly, Ms. Watson's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MS. WATSON'S PRE-SENTENCE MOTION TO WITHDRAW HER GUILTY PLEA."

{¶9} In her first assignment of error, Ms. Watson asserts that the trial court abused its discretion in denying the motion to withdraw her guilty plea. We disagree.

{¶10} Due to the error in post release control, the trial court concluded that Ms. Watson's sentence was void. Accordingly, the trial court treated Ms. Watson's motion as a presentence motion to withdraw her plea. As clarified by *Fischer*, Ms. Watson's sentence was not entirely void, and hence the trial court's consideration of her motion as a presentence motion was error. See *Fischer* at paragraph two of the syllabus; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, at ¶63 (because Defendant was sentenced after July 11, 2006, his non capital sentences were not void). We conclude, however, in this case, that such error was harmless as

Ms. Watson was not prejudiced by the trial court's error because it applied a more liberal standard that favored Ms. Watson. See Crim.R. 32.1

{¶11} With either the pre- or postsentence standard, this Court reviews a denial of a motion to withdraw a plea for an abuse of discretion. *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Under either standard, the court did not abuse its discretion in denying Ms. Watson's motion.

{¶12} Ms. Watson alleged in her motion that her attorney misinformed her about the maximum length of the sentence she could receive and that her counsel was ineffective in having done so. She contended that her attorney told her that she could receive a maximum of two years in prison, whereas she was actually subject to a combined total of up to thirteen years of incarceration on the two counts. On appeal, she asserts that the trial court abused its discretion in determining that she was represented by competent counsel when she entered her plea. See *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶22.

{¶13} At the hearing, she supported her allegations with her own testimony. From the trial court's statements at the hearing and its detailed opinion denying the motion, it is apparent that the trial court did not find Ms. Watson's testimony credible as it did not believe that Ms. Watson's counsel actually told her that she faced only two years in prison. The court observed that despite her contention, Ms. Watson had been informed of the maximum sentence both during the plea colloquy and on the guilty plea form that she signed. Ms. Watson admitted that she had reviewed the written plea of guilty and understood the consequences of her plea and the presumption of prison for her offense. She also stated that she understood that the court did not

have to follow any sentencing recommendations made by her attorney or the prosecutor and that had she known that she would be getting six years, she would not have waived her rights. Ultimately, the trial court found that Ms. Watson's claims did not rise above a mere change of heart.

{¶14} Generally, we defer to the trial court's determination of credibility. See *Smith*, 49 Ohio St.2d at 264. There is nothing in the record indicating that the trial court's resolution of credibility or its determination that Ms. Watson had failed to articulate a reasonable and legitimate basis for the withdrawal of her plea was unreasonable, arbitrary or unconscionable.

{¶15} The trial court further concluded that even if Ms. Watson had been misinformed by her attorney, she suffered no prejudice from counsel's alleged error because she nonetheless entered her plea knowingly and voluntarily. See *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶17. In light of the record before us, we cannot conclude that the court abused its discretion in determining that, despite counsel's alleged errors, Ms. Watson nonetheless made the plea knowingly and voluntarily.

{¶16} We conclude that the trial court did not abuse its discretion in denying Ms. Watson's motion to withdraw her plea.

{¶17} Ms. Watson's first assignment of error is overruled.

III.

{¶18} Ms. Watson's two assignments of error are overruled. We affirm the trial court's March 23, 2010 order denying Ms. Watson's motion to withdraw her plea. To the extent that it properly imposes post-release control, we also affirm the April 19, 2010 sentencing entry. Because the trial court was without jurisdiction to alter Ms. Watson's original sentence except to properly impose post-release control, we vacate those portions of the trial court's April 19, 2010

sentencing entry that do anything other than properly impose post-release control. Ms. Watson's original sentence, except for the post-release control portion corrected in the April 19, 2010 sentencing entry, remains valid.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CARR, J.
CONCUR

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.