DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Roy H. Buck, appeals the decision of the Lorain County Court of Common Pleas denying his motion to withdraw his guilty plea under Crim.R. 32.1. We affirm.
 {¶ 2} Defendant was indicted for one count of gross sexual imposition under R.C. 2907.05(A)(4) on February 6, 2002. On February 13, 2002, Defendant entered a plea of not guilty to the charge. On May 6, 2002, Defendant withdrew his plea of not guilty and entered instead a guilty plea. The trial court accepted Defendant's guilty plea. Defendant was sentenced to three years of community control and was declared to be a sexually oriented offender. After Defendant was sentenced on the above charge, a second case was brought against him also involving gross sexual imposition. On March 26, 2003, Defendant's probation was terminated unsuccessfully due to the fact that he had been incarcerated in the second case brought against him.
 {¶ 3} Defendant filed a motion to withdraw his guilty plea and requested an evidentiary hearing on that motion on June 1, 2004. The trial court denied Defendant's motion on June 4, 2004. Defendant now appeals, raising two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"Whether the trial court abused its discretion by denying [Defendant's] pro se motion to withdraw guilty plea, where the evidence presented established a prima facie case for manifest miscarriage of justice."
 {¶ 4} In his first assignment of error, Defendant claims that the trial court abused its discretion in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 5} It is within the trial court's sound discretion to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea, and absent an abuse of discretion, the trial court's decision on the matter must be affirmed. State v. Remines (Feb. 25, 1998), 9th Dist. No. 97CA006700, at 3, citing State v. Xie (1992),62 Ohio St.3d 521, 527. An abuse of discretion is more than an error of judgment; it implies a decision that is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 6} Crim.R. 32.1 dictates when a motion to withdraw a guilty plea may be made. It provides that the motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Id.
 {¶ 7} A defendant does not have an absolute right to withdraw his guilty plea. Xie, 62 Ohio St.3d 521, at paragraph one of the syllabus. Pursuant to Crim. R. 32.1, a post-sentence motion to withdraw a guilty plea must demonstrate a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. Defendant has the burden of establishing the existence of manifest injustice. State v.Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124 at ¶ 8.
 {¶ 8} In the instant case, Defendant alleges that his guilty plea was not made knowingly, voluntarily or intelligently. Defendant claims that he did not know that by pleading guilty in the instant case, the resulting conviction could be used against him in a future case. In determining whether a guilty plea was entered into voluntarily, intelligently, and knowingly, we look to the totality of the circumstances. State v. Nero (1990), 56 Ohio St.3d 106, 108. The Ohio Supreme Court has held that:
"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella
(1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 9} The record reveals that the trial court engaged in a meaningful discussion with Defendant before accepting his guilty plea. Defendant stated on the record that he understood the charges and the possible sentences that he could face. Defendant stated that he was not coerced into entering the guilty plea, but that he entered the plea "voluntarily without any promise being made to [him]." Defendant was represented by counsel at the time he entered his plea, and at the time he was sentenced. Based on a review of the record, we find that Defendant did enter his guilty plea voluntarily, knowingly, and intelligently.
 {¶ 10} Defendant further claims that the trial court erred in denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel. In determining whether a defendant's right to effective assistance of counsel has been violated, we consider whether counsel violated any of the essential duties owed to the defendant and whether prejudice arose from such violations. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, State v. Calhoon
(1999), 86 Ohio St.3d 279, 289.
 {¶ 11} Defendant asserts that his counsel, the prosecutor, and the trial court conspired to coerce him to enter a guilty plea so that further charges could be brought against him at a later date. Defendant's assertions have no evidentiary basis in the record. Above we found that Defendant entered his guilty plea voluntarily, and the trial court accepted his plea only after conducting a meaningful discussion with him. Defendant admitted on the record that no promises had been made to him when he entered into his guilty plea. Further, he stated that he had not been forced to enter his guilty plea, that he understood the rights he was giving up by entering the guilty plea, and that he understood the charges. Defendant has pointed to no evidence showing that his counsel violated any duty owed to him. Without any evidence that counsel violated any duties owed to Defendant, we need not consider whether prejudice resulted. See State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
 {¶ 12} In conclusion, we find that Defendant entered his guilty plea knowingly, intelligently, and voluntarily. Additionally, Defendant did not show that he was prejudiced by any of his counsel's actions. In light of the above, we find that Defendant has failed to demonstrate manifest injustice as required to grant a post-sentence motion to withdraw a guilty plea. We overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"Whether [Defendant] was entitled to a hearing on his pro se motion to withdraw guilty plea, and upon which to prove the truth of the allegations thereby establishing the right to relief."
 {¶ 13} In his second assignment of error, Defendant claims that the trial court abused its discretion in denying his motion to withdraw his guilty plea without conducting an evidentiary hearing on the matter. We disagree.
 {¶ 14} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v.Russ, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12.
 {¶ 15} In this case, Defendant sought to have his guilty plea withdrawn after he realized that the resulting conviction could be used against him in the future. Defendant did not allege any breach of duty owed to him by his appointed attorney; he did not support his allegations that he was coerced into entering a guilty plea. Defendant pointed to no evidence that, at the time he entered into his guilty plea, he had been subject to any form of injustice.
 {¶ 16} We determined above that no manifest injustice had occurred. Since it was clear that denial of Defendant's motion to withdraw his guilty plea was warranted, the trial court was not required to hold a hearing on the matter. State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, at ¶ 51. See, also, Xie 62 Ohio St.3d at 527. Therefore, we find Defendant's second assignment of error is not well taken.
 {¶ 17} We find that the trial court did not abuse its discretion in denying Defendant's motion to withdraw his plea without conducting a hearing. Defendant's assignments of error are overruled and the decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Whitmore, J. Concur.