DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Phillip L. Atkinson, appeals the judgment of the Medina County Court of Common Pleas, which denied appellant's post-sentencing motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} On February 20, 2004, appellant was indicted on one count of possession of cocaine in violation of R.C.2925.11(A)/(C)(4)(f), a felony of the first degree, with a major drug offense specification pursuant to R.C. 2941.1410; one count of possession of marijuana in violation of R.C.2925.11(A)/(C)(3)(c), a felony of the fifth degree; and two forfeiture specifications in violation of R.C. 2925.42(A)(1).
 {¶ 3} On April 1, 2004, appellant filed a motion to suppress evidence from an illegal traffic stop and search. The State opposed the motion. After a hearing on May 7, 2004, the trial court denied appellant's motion to suppress.
 {¶ 4} On August 4, 2004, the matter came before the trial court for a change of plea. The State moved to amend the first count of the indictment to a count of possession of crack cocaine in violation of R.C. 2925.11(A)/(C)(4)(e), a felony of the first degree, and to delete the major drug offense specification. The State clarified that the amended count would no longer carry the additional mandatory ten-year prison term for the specification, although the underlying offense would carry a mandatory prison term from three to ten years.[1] The State further informed the trial court that the parties had reached a plea agreement wherein appellant would plead guilty to the two counts, as amended. The State asserted that it would seek, and appellant would agree to, the imposition of a five-year prison term. The State noted that the trial court had indicated that it would likely impose the agreed prison term. The State further asserted that it had made no threats or promises to appellant, other than the recommendation of the five-year prison term, to induce his plea.
 {¶ 5} The trial court engaged in a colloquy with appellant, informing him of his rights and obtaining appellant's assertions that he understood. The trial court informed appellant that the possession of cocaine count carried a minimum sentence of three years and a maximum sentence of ten years in prison. Appellant informed the court that there was an agreed sentence of five years for the offense. After colloquy, the trial court found that appellant knowingly, voluntarily and intelligently changed his plea to guilty. On January 3, 2005, the trial court sentenced appellant to the agreed five-year term of imprisonment. There was no direct appeal from the conviction.
 {¶ 6} On June 21, 2005, appellant filed a pro se motion to withdraw his guilty plea and requested a hearing. The trial court denied appellant's motion without conducting a hearing. Appellant was granted leave to file his delayed appeal.
 {¶ 7} Appellant raises three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE HIS PLEAS WITHOUT A HEARING, BECAUSE THEY WERE NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED, AND THERE IS A REASONABLE PROBABILITY THAT BUT FOR INEFFECTIVE ASSISTANCE OF COUNSEL HE WOULD NOT HAVE PLED GUILTY."
 {¶ 8} Appellant argues that the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea without a hearing because his trial counsel was ineffective and his plea was not entered knowingly, voluntarily and intelligently. This Court disagrees.
 {¶ 9} Crim.R. 32.1, which governs motions to withdraw guilty pleas, states:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea."
 {¶ 10} The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court.State v. Smith (1977), 49 Ohio St.2d 261, 264. The Smith
court held:
"A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} This Court has stated:
"Pursuant to Crim.R. 32.1, a motion to withdraw a plea of guilty that is made after sentencing must demonstrate a manifest injustice. The term `manifest injustice' has `been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' The burden of establishing manifest injustice is on the movant. The movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion. * * * `[a]lthough [Crim.R. 32.1] itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" (Internal citations omitted.) State v. Gegia,157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 8.
 {¶ 12} Further, this Court has stated that:
"[a]n evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the `record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" State v. Buck, 9th Dist. No. 04CA008516,2005-Ohio-2810, at ¶ 14, quoting State v. Russ, 8th Dist. No. 81580, 2003-Ohio-1001, at ¶ 12.
 {¶ 13} In this case, appellant first argues that his guilty plea was not knowingly, voluntarily and intelligently made because his trial counsel was ineffective. The Ohio Supreme Court has stated that an appellate court must look to the totality of the circumstances to determine whether a defendant entered his guilty plea in a voluntary, intelligent and knowing manner.State v. Nero (1990), 56 Ohio St.3d 106, 108; see also Buck
at ¶ 8. The Ohio Supreme Court has further held:
"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella
(1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 14} This Court agrees that "[a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel." State v. Banks, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 16. The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. Id.
 {¶ 15} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 16} This Court has stated:
"When the Strickland test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. State v. Xie (1992), 62 Ohio St.3d 521, 524;Strickland, 466 U.S. at 687. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. Xie, 62 Ohio St.3d at 524, quoting Hill v. Lockhart (1985), 474 U.S. 52, 59. `[T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.' State v. Doak, 7th Dist. Nos. 03CO15 and 03CO31, 2004-Ohio-1548, at ¶ 55, quoting State v.Whiteman, 11th Dist. No. 2001-P-0096, at ¶ 24." Gegia at ¶ 17.
 {¶ 17} Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith
(1985), 17 Ohio St.3d 98, 100.
 {¶ 18} Appellant argues that trial counsel was ineffective for intimidating, coercing and badgering appellant to plead guilty and assert his understanding of his constitutional rights. Counsel was present with appellant during his change of plea hearing. In the present case, the record demonstrates that appellant informed the trial court that he had talked the case over with counsel, conveying all the facts and circumstances of his case so that his attorney could properly represent him. Appellant further informed the court that he had had enough time to discuss the matter with his attorney. Appellant further asserted that no one threatened him in any way or promised him anything to get him to change his plea. At his sentencing hearing five months later, appellant requested to speak to the court. He stated only that he was sorry for taking the court's time and that he was a good person with a drug problem who got involved with the wrong people at the wrong time.
 {¶ 19} Appellant raised no concerns at the change of plea hearing or at sentencing many months later regarding his attorney's representation. He failed to support his allegations that counsel intimidated, coerced or badgered him into pleading guilty; and a review of the record, including the hearing transcripts, demonstrates no evidence of such behavior by counsel. Appellant's self-serving allegations are insufficient to rebut a record demonstrating that counsel breached no duty in his representation of appellant. See Banks at ¶ 21. Accordingly, appellant has failed to demonstrate that a manifest injustice has occurred as a result of counsel's representation. Because the record establishes no manifest injustice in this regard, the trial court was not required to hold a hearing on the matter. SeeBuck at ¶ 16.
 {¶ 20} Appellant next argues that his guilty plea was not knowingly, voluntarily and intelligently made because the trial court failed to inform him of his appeal rights and that he would not be eligible for probation in regard to the possession of cocaine charge. Appellant further argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea on these grounds without a hearing.
 {¶ 21} "A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself." State v. McQueeney,148 Ohio App.3d 606, 2002-Ohio-3731, at ¶ 13, citing Ross v.Auglaize Cty. Court of Common Pleas (1972), 30 Ohio St.2d 323,323-324.
 {¶ 22} Appellant is accurate in his assertion that the trial court failed to advise him during the recitation of rights at the plea hearing that appellant had the right to appeal. However, this Court finds that the trial court's failure constitutes harmless error. Crim.R. 52(A) addresses harmless error and states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In this case, as this Court has permitted appellant to file a delayed appeal, and he has so filed his appeal, appellant has failed to demonstrate that he was prejudiced in any way by the trial court's error. Accordingly, because appellant has in fact filed an appeal, he has not demonstrated that his guilty plea was not voluntary only because the trial court failed to advise him of his limited appellate rights.
 {¶ 23} Finally, appellant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea for lack of a knowing, voluntary and intelligent plea, because the trial court failed to inform appellant that he would not be eligible for probation. A review of the record indicates that the State asserted on the record at the plea hearing on August 4, 2004 that the first amended count carried a mandatory prison term of three to ten years. The trial court later addressed appellant regarding the amended possession of cocaine charge, stating, "The State's amending this to the 4(e) section, a Felony I offense, which makes it a minimum sentence of three years and a maximum sentence of ten years." The trial court then acknowledged that the parties had agreed to the imposition of a five-year prison term for the possession of cocaine charge. Accordingly, the trial court accurately conveyed the mandatory nature of the sentence relative to the possession of cocaine charge so that appellant should not have believed that he would be eligible for mere probation. Appellant further acknowledged on the record that he agreed to the imposition of a five-year prison term for the offense. Appellant further failed to support his allegation that he was unaware that the first amended count in the indictment carried a mandatory prison term. Again, his self-serving allegations are insufficient to rebut a record demonstrating that he was informed that a mandatory prison term would be imposed. Accordingly, appellant has failed to demonstrate the existence of any manifest injustice under these circumstances. Because the record establishes no manifest injustice in this regard, the trial court was not required to hold a hearing on the matter. SeeBuck at ¶ 15.
 {¶ 24} For the reasons enunciated above, this Court finds that the trial court did not abuse its discretion by denying appellant's motion to withdraw his guilty plea without a hearing. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JURY."
 {¶ 25} Appellant argues that the trial court violated his Sixth Amendment right to a trial by jury by sentencing him to more than the minimum sentence, because the imposition of a greater sentence required additional findings that should have been made by a jury. This Court disagrees.
 {¶ 26} The Ohio Supreme Court recently addressed Ohio sentencing guidelines in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and in State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. In reliance on those cases, this Court has stated:
"This Court interpreted and applied Foster and Mathis inState v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309. In Dudukovich, we found that Foster held that portions of Ohio's sentencing guidelines were unconstitutional, but that the appellant did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely [v. Washington (2004), 542 U.S. 296], waives his constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned `whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court.' Id. at ¶ 24. We found that `[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal.' Id." State v. Smith, 9th Dist. No. 05CA008827,2006-Ohio-2691, at ¶ 11.
 {¶ 27} Based on this Court's holding in Dudukovich, we find that appellant did not properly preserve his constitutional challenge for appeal. See State v. Duffield, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶¶ 72-75 (holding that when appellant did not specifically object to the constitutionality of a statute after sentencing in trial court he waived that argument on appeal.). In this case, the record indicates that appellant was sentenced on January 3, 2005, after Blakely was decided. Appellant failed to object in the trial court to his sentence after it was ordered. Based on the holding in Dudukovich that a party must object to preserve errors for review, this Court finds that appellant is precluded from arguing the sentencing statute's constitutionality on appeal. See Smith, supra. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING HEARING."
 {¶ 28} Appellant argues that trial counsel was ineffective for agreeing to a five-year term of imprisonment, i.e. more than the minimum three-year term, without raising the applicability ofBlakely v. Washington (2004), 542 U.S. 296, Apprendi v. NewJersey (2000), 530 U.S. 466, and U.S. v. Booker (2005),543 U.S. 220. This Court disagrees.
 {¶ 29} As we previously stated, this Court uses a two-step process as set forth in Strickland, 466 U.S. at 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
This Court need not analyze both prongs of the Strickland
test if we find that appellant has failed to prove either. Statev. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 23. Again, appellant must overcome the strong presumption that licensed attorneys in Ohio are competent. Smith,17 Ohio St.3d at 100.
 {¶ 30} First, this Court notes that "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." State v.Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. Second, appellant agreed to the imposition of a five-year prison term on the amended first count in lieu of taking the risk at trial that he would be found guilty of the original possession of cocaine charge, which carried a mandatory ten-year prison term plus an additional mandatory ten-year term for the major drug offense specification.[2] Third, this Court has already found that appellant has failed to demonstrate that his guilty plea was not knowingly, voluntarily and intelligently made. Under these circumstances, appellant has failed to demonstrate either that his trial counsel's assistance was deficient or that he was in any way prejudiced by counsel's failure to challenge the imposition of a sentence greater than the minimum term of imprisonment. Appellant's third assignment of error is overruled.
 III. {¶ 31} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J., Moore, J., Concur.
[1] Further, the charge, as originally indicted, carries a mandatory ten-year prison term.
[2] The original charge prior to amendment was possession of cocaine pursuant to R.C. 2925.11(A)/(C)(4)(f), which states in relevant part that "the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under [R.C. 2929.14]."