[Cite as *State v. Davis*, 2016-Ohio-1521.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. Nos. | 27725 |
|---|---|---|
| | | 27726 |
| Appellee | | 27727 |

v.

| DAQUAN MARTELL DAVIS | APPEAL FROM JUDGMENT ENTERED IN THE |
|---|---|
| | COURT OF COMMON PLEAS |
| Appellant | COUNTY OF SUMMIT, OHIO |
| | CASE Nos.    CR 2013-12-3484(A) |
| | CR 2014-06-1723(B) |
| | CR-2014-09-2832 |

DECISION AND JOURNAL ENTRY

Dated: April 13, 2016

CELEBREZZE, Judge.

{¶1}    This matter is before the Court on an appeal from the Summit County Court of Common Pleas.  Appellant, Da'Quan Davis, was appointed counsel who has filed an *Anders* Brief and a motion to withdraw as appellant's attorney.  Appellant filed a pro se non-conforming brief in response to his attorney's *Anders* brief.  After a thorough review of the record and law, this court finds that there are no appealable, non-frivolous issues in this case, grants the motion to withdraw, and affirms appellant's convictions and sentence.

**Factual and Procedural History**

{¶2}    Appellant's convictions resulted from guilty pleas entered in three cases.  On January 12, 2014, an indictment was filed in Summit C.P. No. CR-2013-12-3484 charging appellant with numerous crimes involving drug trafficking, felonious assault, and resisting arrest.

Appellant was assigned counsel and he pled not guilty. While that case was pending, appellant was released on bond and capias warrants were issued twice for his failure to appear at pretrials. Also while this case was pending, appellant was indicted in two other cases. On June 26, 2014, an indictment was filed in Summit C.P. No. CR-2014-06-1723 charging appellant with three counts involving drug possession. On October 2, 2014, an indictment was filed in Summit C.P. No. CR-2014-09-2832 charging appellant with numerous counts involving drug trafficking, felonious assault, and resisting arrest. These cases resulted from criminal acts committed while Davis was out on bond in the first case.

{¶3} These three cases were consolidated for a single trial. On October 20, 2014, appellant's newly retained counsel entered a notice of appearance, replacing appointed counsel. On November 19, 2014, counsel filed a motion to continue the December 18, 2014 trial date. The trial court denied the motion on December 1, 2014. Appellant's counsel then filed a motion to sever, which the trial court indicated was still under consideration at the last pretrial conference. On December 17, 2014, the day before trial, appellant agreed to retract his former not guilty pleas and pled guilty to amended charges in the three cases as part of a plea agreement offered by the state. Specifically, in CR-2013-12-3484, appellant pled guilty to one first-degree felony count of drug trafficking, a violation of R.C. 2925.03(A) and (C)(4); one first-degree felony count of felonious assault, a violation R.C. 2903.11(A)(2); one third-degree felony count of failure to comply with the order or signal of a police officer, a violation of R.C. 2921.13(F); one fifth-degree felony count of drug possession, a violation of R.C. 2925.11(A) and (C)(6); one fifth-degree felony count of receiving stolen property, a violation of R.C.2913.51(A); and one second-degree misdemeanor count of resisting arrest, a violation of R.C. 2921.33(A).

{¶4} In CR-2014-06-1723, appellant pled guilty to one fifth-degree felony count of deception to obtain a dangerous drug, a violation of R.C. 2925.22. Finally, in CR-2014-09-2832, appellant pled guilty to one second-degree felony count of drug trafficking, a violation of R.C. 2925.03(A) and (C)(6); one third-degree felony count of failure to obey the order or signal of a police officer, a violation of R.C. 2921.31(B); and one second-degree misdemeanor count of resisting arrest, a violation of R.C. 2921.33(A). As part of a plea agreement multiple charges were dismissed in each case. Appellant received an aggregate prison sentence of 14 years, 6 months.

{¶5} Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), asserting that, after a review of the record, she was unable to find any issues that might support an appeal. *See Anders* at 744. Counsel identified a possible issue with allied offenses, but explained that two offenses in two cases -- resisting arrest and failure to obey the order or signal of a police officer -- were not allied in these cases as they resulted from different conduct. Appellant filed a pro se document in response wherein he argued, without specifically setting forth an assignment of error, that the trial court should have granted a continuance.

## II. Law and Analysis

{¶6} Upon the filing of an *Anders* brief, this Court conducts a full examination of the proceedings to decide whether the case is wholly frivolous. *Id.* If our independent review reveals that any issue presented is not wholly frivolous or that there are other arguable issues, we must appoint different appellate counsel to represent the appellant. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 2. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Internal

quotations and citations omitted.) *State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4.

{¶7}  Here, appellant raises two related issues in his single-page argument contained within his brief.  Appellant's assertions in this brief can be classified as arguments that the trial court abused its discretion when it denied his motion to continue the trial date.  This impacts whether as a result of the trial court's denial of the motion for continuance, appellant's pleas were not entered knowingly, intelligently, and voluntarily.

{¶8}  To be effective, the waiver of constitutional rights that is inherent with the entrance of a guilty plea must be knowingly, intelligently, and voluntarily made on the record. *Boykin v. Alabama*, 395 U.S. 238, 242-243 (1969).  However, "'a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea.'" *State v. Franco*, 9th Dist. Medina No. 07CA0090-M, 2008-Ohio-4651, ¶ 28, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, 809 N.E.2d 673, ¶ 18 (9th Dist.).

{¶9}  Appellant makes similar arguments to those advanced in and rejected in *State v. Rice*, 9th Dist. Summit No. 24932, 2010-Ohio-1825.  There, this court determined that Rice had waived any error regarding the denial of a motion for a continuance by pleading guilty because he did not allege that the denial impacted the voluntary nature of his plea. *Id*. at ¶ 9.  Here, appellant does partially advance that claim, but points to nothing in the record for support.  A review of the plea hearing transcript reveals that appellant was satisfied with his attorney's representation and never indicated any compulsion brought about by the denial of his motion for

continuance. In fact, he indicated he wanted to take responsibility for his actions. Nothing in the record indicates that appellant did not voluntarily entered his pleas in these cases. Appellant claims that during a pretrial his attorney stated that he was unprepared for trial, but this appears nowhere in the record. There is nothing to support the argument made in appellant's brief that the trial court abused its discretion in denying his motion for a continuance.

### III. Conclusion

{¶10} Upon our own full, independent examination of the record before this Court, we conclude that there are no appealable, non-frivolous issues in this case. *See State v. Lowe,* 9th Dist. Lorain No. 97CA006758, 1998 Ohio App. LEXIS 1455 (Apr. 8, 1998). The judgment of the Summit County Court of Common Pleas is affirmed. Appellate attorney's motion to withdraw as counsel is hereby granted.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
FRANK D. CELEBREZZE, JR.
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

(Celebrezze, J., of the Eighth District Court of Appeals, sitting by assignment.)

APPEARANCES:

KIMBERLY ANNE VALENTI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.