[Cite as *State v. Davis*, 2023-Ohio-910.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

v.

DAQUAN M. DAVIS

    Appellee

C.A. Nos.    30202
                 30212
                 30213

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2013-12-3484-A
                 CR 2014-06-1723-B
                 CR 2014-09-2832

## DECISION AND JOURNAL ENTRY

Dated: March 22, 2023

SUTTON, Presiding Judge.

**{¶1}** Plaintiff-Appellant, State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

**Relevant Background**

**{¶2}** In *State v. Davis*, 9th Dist. Summit Nos. 27725, 27726, 27727, 2016-Ohio-1521, ¶ 2-5, this Court set forth the relevant factual and procedural history as follows:

[Mr. Davis's] convictions resulted from guilty pleas entered in three cases. On January 12, 2014, an indictment was filed in Summit C.P. No. CR-2013-12-3484 charging [Mr. Davis] with numerous crimes involving drug trafficking, felonious assault, and resisting arrest. [Mr. Davis] was assigned counsel and he pled not guilty. While that case was pending, [Mr. Davis] was released on bond and capias warrants were issued twice for his failure to appear at pretrials. Also while this case was pending, [Mr. Davis] was indicted in two other cases. On June 26, 2014, an indictment was filed in Summit C.P. No. CR-2014-06-1723 charging [Mr. Davis]

with three counts involving drug possession. On October 2, 2014, an indictment was filed in Summit C.P. No. CR-2014-09-2832 charging [Mr. Davis] with numerous counts involving drug trafficking, felonious assault, and resisting arrest. These cases resulted from criminal acts committed while [Mr.] Davis was out on bond in the first case.

These three cases were consolidated for a single trial. On October 20, 2014, [Mr. Davis's] newly retained counsel entered a notice of appearance, replacing appointed counsel. On November 19, 2014, counsel filed a motion to continue the December 18, 2014 trial date. The trial court denied the motion on December 1, 2014. [Mr. Davis's] counsel then filed a motion to sever, which the trial court indicated was still under consideration at the last pretrial conference. On December 17, 2014, the day before trial, [Mr. Davis] agreed to retract his former not guilty pleas and pled guilty to amended charges in the three cases as part of a plea agreement offered by the [S]tate. Specifically, in CR-2013-12-3484, [Mr. Davis] pled guilty to one first-degree felony count of drug trafficking, a violation of R.C. 2925.03(A) and (C)(4); one first-degree felony count of felonious assault, a violation R.C. 2903.11(A)(2); one third-degree felony count of failure to comply with the order or signal of a police officer, a violation of R.C. 2921.13(F); one fifth-degree felony count of drug possession, a violation of R.C. 2925.11(A) and (C)(6); one fifth-degree felony count of receiving stolen property, a violation of R.C.2913.51(A); and one second-degree misdemeanor count of resisting arrest, a violation of R.C. 2921.33(A).

In CR-2014-06-1723, [Mr. Davis] pled guilty to one fifth-degree felony count of deception to obtain a dangerous drug, a violation of R.C. 2925.22. Finally, in CR-2014-09-2832, [Mr. Davis] pled guilty to one second-degree felony count of drug trafficking, a violation of R.C. 2925.03(A) and (C)(6); one third-degree felony count of failure to obey the order or signal of a police officer, a violation of R.C. 2921.31(B); and one second-degree misdemeanor count of resisting arrest, a violation of R.C. 2921.33(A). As part of a plea agreement multiple charges were dismissed in each case. [Mr. Davis] received an aggregate prison sentence of 14 years, 6 months.

[Mr. Davis's] counsel filed a brief in compliance with [*Anders v. California*, 386 U.S. 738 (1967)], asserting that, after a review of the record, she was unable to find any issues that might support an appeal. *See Anders* at 744. Counsel identified a possible issue with allied offenses, but explained that two offenses in two cases-resisting arrest and failure to obey the order or signal of a police officer-were not allied in these cases as they resulted from different conduct. [Mr. Davis] filed a pro se document in response wherein he argued, without specifically setting forth an assignment of error, that the trial court should have granted a continuance.

**{¶3}** Subsequent to this Court's independent review of the record and proceedings, we affirmed Mr. Davis's convictions and sentence, explaining:

> A review of the plea hearing transcript reveals that [Mr. Davis] was satisfied with his attorney's representation and never indicated any compulsion brought about by the denial of his motion for continuance. In fact, he indicated he wanted to take responsibility for his actions. Nothing in the record indicates that [Mr. Davis] did not voluntarily enter[] his pleas in these cases. [Mr. Davis] claims that during a pretrial his attorney stated that he was unprepared for trial, but this appears nowhere in the record. There is nothing to support the argument made in [Mr. Davis's] brief that the trial court abused its discretion in denying his motion for a continuance.

*Id.* at ¶ 9.

**{¶4}** Following his direct appeal, Mr. Davis filed several pro se motions challenging his guilty plea and length of sentence. The trial court denied all motions. Mr. Davis then hired counsel to file a motion to withdraw his guilty pleas and, after a hearing on the matter, the trial court granted Mr. Davis's motion.

**{¶5}** The State now appeals raising a sole assignment of error for our review.[1]

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED [MR.] DAVIS TO WITHDRAW HIS GUILTY PLEAS.**

**{¶6}** In its sole assignment of error, the State argues the trial court lacked jurisdiction to consider Mr. Davis's motion to withdraw his guilty pleas because Mr. Davis's convictions and sentence had already been affirmed on appeal by this Court. We agree.

**{¶7}** The Supreme Court of Ohio, in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978), determined a trial court loses jurisdiction over a

---

[1] Mr. Davis did not file an appellee's merit brief in this matter.

case when an appeal is taken and, absent a remand, does not regain jurisdiction subsequent to the court of appeal's decision. Further, the *Special Prosecutors* Court explained, even though the trial court retains jurisdiction over issues not inconsistent with the jurisdiction of the court of appeals, the granting of a motion to withdraw is "inconsistent with the judgment of the [c]ourt of [a]ppeals affirming the trial court's conviction premised upon the guilty plea." *Id*.

**{¶8}** Additionally, the Supreme Court of Ohio stated Crim.R. 32.1 does not independently "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id*. Moreover "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Thus, after a defendant's convictions have been affirmed on appeal, a trial court has "no authority to consider [a] motion to withdraw his guilty plea, let alone grant him a new trial." *Ketterer* at ¶ 62.

**{¶9}** Here, Mr. Davis filed a direct appeal, in compliance with *Anders*, *supra*, wherein his counsel brought to light a possible issue with allied offenses. Additionally, Mr. Davis filed a pro se document wherein he challenged the trial court's denial of a motion for continuance. This Court independently reviewed the record and, in so doing, concluded "there are no appealable, non-frivolous issues in this case." *Davis*, 2016-Ohio-1521, at ¶ 10. The alleged issues Mr. Davis now raises regarding the trial court's use of the word "required" instead of "mandatory" in addressing his maximum sentence during his plea colloquy could have been filed in his direct appeal. Therefore, pursuant to *Special Prosecutors* and *Ketterer*, the trial court lost jurisdiction to

consider Mr. Davis's motion to withdraw his guilty pleas after this Court affirmed his convictions. Accordingly, the trial court erred in granting Mr. Davis's motion to withdraw his guilty pleas.

{¶10}  Accordingly, the State's sole assignment of error is sustained.

III.

{¶11}  The State's sole assignment of error is sustained.  The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed;
cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CARR, J.
CONCUR.


APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellant.

ALAN M. MEDVICK, Attorney at Law, for Appellee.